*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-393

MAY TERM, 2014

| Diane Levin | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Lamoille Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Douglas C. Walker | } | DOCKET NO. 121-8-98 Ledm |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Mother appeals pro se from the trial court's order requiring her to pay father's attorney's fees in this post-divorce enforcement action. We affirm.

The parties divorced in March 1999. In August 1999, they entered into a stipulation concerning a large inheritance that father had received. The parties agreed that father would give mother $15,000, $10,000 of which would be deposited in an education trust fund for the benefit of the parties' minor child. Mother agreed to provide father with an initial statement of deposit of the funds into the trust fund and an annual statement reflecting the status of the fund. The court approved the parties' stipulation.

Father later moved to enforce and hold mother in contempt of the August 1999 order. He alleged that he had given mother $15,000 in February 2000, but she had not provided him with a copy of the initial deposit statement despite numerous requests. When mother did provide father with a statement, it revealed that mother had placed the trust funds into her own personal bank account and the funds had been reduced to $9138. A hearing on father's motion was continued at mother's request until December 2000.

Following a hearing, the court issued an order in January 2001. It found that, at the hearing, mother had produced a Merrill Lynch College Investing Plan statement for the benefit of the parties' son bearing a date of November 24, 2000. The statement indicated that no contribution had been made in tax year 1999, and that $3375 had been contributed in tax year 2000. The balance in the account as of November 24, 2000 was $3108. Mother blamed stock market fluctuations for the decline in value. The court found that, in mother's hands, the value of the funds to be set aside in trust for the son's benefit had shrunk by nearly 70% since February 2000. It concluded that mother's actions were not in her son's best interests and they were inconsistent with the spirit, if not the letter, of the August 1999 stipulation. It ordered mother to pay back the lost funds, with interest, within thirty days of the court's order. The court directed mother to place the funds in an interest bearing account that required the signatures of both parents for any significant action such as withdrawal or transfer to another form of investment. The court warned that failure to comply with its order might result in a finding of contempt.

In February 2013, father moved to enforce this order. He alleged that mother had refused to provide statements for the trust fund account for over two years and he was unable to verify the existence of the account. The court ordered mother to show cause why she should not be held in contempt. Following the show cause hearing, the court directed mother, within ten days, to add father's name to the Merrill Lynch account so that both signatures were required for withdrawals. The court reserved the issue of mother's compliance with its order, and father's request for attorney's fees, for a subsequent hearing.

Mother did not comply with the court's order by the date of the next hearing and she was given additional time to comply. In an August 5, 2013 order, the court found mother in contempt. It recounted the sequence of events detailed above. It explained that mother had refused to provide father with the requested account information. She admitted that father's name was not on the child's trust account and that father did not have access to this account. The court found that mother's actions clearly violated the January 2001 order. Additionally, the court noted that in June 2013, it had ordered mother to add father's name to the Merrill Lynch account within ten days. She failed to do so. While mother represented that she could not add father's name to the account, she failed to produce any documentation to this effect as requested by the court. The court directed mother to pay the reasonable attorney's fees incurred by father as a result of her failure to comply with the court's orders. Ultimately, the court ordered mother to pay $2120 in attorney's fees. Mother appealed.

Mother argues that the court erred in requiring her to pay father's attorney's fees because she has proof that these fees include work done on unrelated matters. She offers a letter from an attorney with the Vermont Office of Child Support (OCS) as support for this claim. In this letter, the OCS attorney provides dates that he spoke with father's attorney about a child support order. On two occasions, the OCS attorney spoke to father's attorney on the same date that father's attorney worked on the enforcement motion.

The letter on which mother relies post-dates the trial court's decision in this case. Our review is limited to the evidence presented to the trial court below, and we cannot consider facts not in the record. Hoover v. Hoover, 171 Vt. 256, 258 (2000). Mother's argument therefore fails for this reason alone. Even if this document had been before the trial court, however, it does not establish that mother was ordered to pay attorney's fees for work unrelated to the enforcement motion. A person can work on many different matters in a single day, and the fact that father's attorney spoke to an attorney from OCS on the same day that she worked on father's enforcement motion is not proof that the attorney "commingled" her bill.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice